# In the United States Court of Federal Claims

Nos. 17-739C; 17-1991C (Consolidated)

(Filed: April 26, 2018)

|  |  |
|---|---|
| KANE COUNTY, UTAH, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | Keywords: PILT Act; Class Action; Class Certification; RCFC 23. |

*Alan I. Saltman*, Smith, Currie & Hancock LLP, Washington, DC, for Plaintiffs. *Robert O. Fleming*, Smith, Currie & Hancock LLP, Atlanta, GA, Of Counsel.

*Mark E. Porada*, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, DC, with whom were *Claudia Burke*, Assistant Director, *Robert E. Kirschman, Jr.*, Director, and *Chad A. Readler*, Acting Assistant Attorney General, for Defendant. *Tony Irish*, Division of General Law, Office of the Solicitor, Department of the Interior, Of Counsel.

**OPINION AND ORDER**

**KAPLAN, Judge.**

Kane County, Utah is one of a number of units of local government entitled to certain payments from the federal government known as Payments in Lieu of Taxes (PILT). The PILT Act, 31 U.S.C. §§ 6901–07, provides that the Secretary of the Interior must make a payment to each eligible local government each fiscal year, in an amount determined by the statute's formulas. In FYs 2015 through 2017, Congress did not appropriate enough funds to make full payments according to the PILT Act's formulas, and the Secretary therefore reduced each eligible government's payment proportionally. Kane County then brought these consolidated cases, alleging that the federal government's failure to pay the full formula amounts was a breach of the statute's money-mandating obligation. It moved for summary judgment as to liability in both cases and the Court granted its motions. Kane Cty. v. United States (Kane Cty. II), No. 17-1991C, 2018 WL 1391872 (Fed. Cl. Mar. 20, 2018); Kane Cty. v. United States (Kane Cty. I), 135 Fed. Cl. 632 (2017). Kane County has now moved for class certification. The government does not oppose its motion. For the reasons set forth below, Kane County's motion is **GRANTED**.

## BACKGROUND

As described in greater detail in this Court's prior opinions, the PILT Act is a federal statute that is designed to "compensate[] local governments for the loss of tax revenues resulting from the tax-immune status of federal lands located in their jurisdictions, and for the cost of providing services related to these lands." Lawrence Cty. v. Lead-Deadwood Sch. Dist. No. 40-1, 469 U.S. 256, 258 (1985). Section 6902 of the Act requires the Secretary of the Interior to make a payment every year to "each unit of general local government in which entitlement land is located." 31 U.S.C. § 6902(a)(1). The amount of the payment is determined by certain formulas set out in § 6903. Kane Cty. I, 135 Fed. Cl. at 634, 635; see also 31 U.S.C. § 6903(b)(1). In Kane County I and Kane County II, the Court found that these sections created a statutory obligation for the government to pay the eligible counties their full formula amounts, notwithstanding Congress' insufficient appropriation of funds in FYs 2015 through FY 2017. It thus granted summary judgment as to liability in Kane County's favor.[1] Kane Cty. II, 2018 WL 1391872, at *7 (FY 2017); Kane Cty. I, 135 Fed. Cl. at 635 (FY 2015 and FY 2016). Kane County has now moved for class certification in both cases. The government does not oppose class certification and the parties have agreed upon a proposed class definition.

## DISCUSSION

**I.   Standards**

Pursuant to Rule 23 of the Rules of the Court of Federal Claims (RCFC), the Court may certify a class action if:

> (1) [T]he class is so numerous that joinder of all members is impracticable;
>
> (2) [T]here are questions of law or fact common to the class;
>
> (3) [T]he claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) [T]he representative parties will fairly and adequately protect the interests of the class.

RCFC 23(a). Additionally, the Court must find that "the United States has acted or refused to act on grounds generally applicable to the class," that "the questions of law or fact common to class members predominate over any questions affecting only individual members," and "that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." RCFC 23(b).

Courts have tended to classify these requirements into five categories: 1) numerosity; 2) commonality; 3) typicality; 4) adequacy; and 5) superiority. Common Ground Healthcare

---

[1] The Court's holding did not extend to the amount of funds withheld due to sequestration during FY 2015. Kane Cty. I, 135 Fed Cl. at 634 n.3 & 636 n.4.

Coop. v. United States, No. 17-877C, 2018 WL 1833427, at *4 (Fed. Cl. Apr. 17, 2018); Barnes v. United States, 68 Fed. Cl. 492, 494 (2005). These requirements are "conjunctive," and thus all of them must be satisfied for the court to certify the class. Common Ground Healthcare Coop., 2018 WL 1833427, at *4; Barnes, 68 Fed. Cl. at 494. The plaintiff bears the burden of establishing these requirements. Fisher v. United States, 69 Fed. Cl. 193, 197 (2006).

## II. Application

### A. Numerosity

It is clear in this case that the numerosity requirement is met. RCFC 23(a)(1) requires that the potential class be so numerous that joinder is impractical. Courts have found that potential classes exceeding forty satisfy this requirement. Haggart v. United States, 89 Fed. Cl. 523, 530 (2009) (noting this general rule and finding that potential class of at least 750 plaintiffs satisfied requirement). Some courts have also considered geographic dispersion in considering numerosity, noting that "[i]f plaintiffs are dispersed geographically, then a court is more likely to certify a class action." Id. at 532 (quoting King v. United States, 84 Fed. Cl. 120, 124–25 (2008)) (alteration in original).

Here, the potential class includes "approximately 1,900 local government entities across the United States." See U.S. Dep't of Interior, Fiscal Year 2015 Payments in Lieu of Taxes National Summary 3 (2015), https://www.doi.gov/pilt/resources/annual-reports. These entities include counties in all fifty states, as well as governmental units in the District of Columbia, Guam, Puerto Rico, and the Virgin Islands. See id. at 15–16. The Court finds that this nationwide potential class of nearly 2,000 plaintiffs renders joinder impractical and satisfies RCFC 23's numerosity requirement.

### B. Commonality

The second requirement for class certification, commonality, is also met in this case. RCFC 23(a)(2) requires that there be "questions of law or fact common to the class." And RCFC 23(b) reinforces this focus by requiring a finding that "the United States has acted or refused to act on grounds generally applicable to the class" and that "the questions of law or fact common to class members predominate over any questions affecting only individual members." Here, a single, common question of law predominates over all other issues in this case: whether the federal government was required to pay each eligible unit of local government its full formula amount in FYs 2015 through 2017, notwithstanding Congress' insufficient appropriations. Moreover, the government acted uniformly as to all eligible units of local government in each of those fiscal years by proportionally reducing each unit's formula amount based on the insufficient appropriations. That individual calculations will be required to determine the precise amount owed to each potential class member does not undermine commonality in this case, particularly because the government reduced its PILT payments by a uniform percentage each fiscal year. See King, 84 Fed. Cl. at 126 ("[T]he fact that the eventual award 'will ultimately require individualized fact determinations is insufficient, by itself to defeat a class action.'" (quoting Curry v. United States, 81 Fed. Cl. 328, 334 (2008))). Accordingly, commonality is satisfied in this case.

### C. Typicality

Kane County's claims in these cases also satisfy the typicality requirement. For this factor, RCFC 23(a)(3) requires that "the claims or defenses of the representative parties [be] typical of the claims or defenses of the class." This "modest" standard is met where "the named representatives' claims share the same essential characteristics of the claims of the class at large." Curry, 81 Fed. Cl. at 335 (quoting Fisher, 69 Fed. Cl. at 200). It is not defeated "even if some factual differences exist between the claims of the named representatives and the claims of the class." Id. (quoting Fisher, 69 Fed. Cl. at 200).

Kane County's claims share the same essential characteristics of the class at large. It asserts that the federal government failed to pay it the full amounts it was owed under the PILT formulas in FYs 2015, 2016, and 2017. Each potential class member's claim is identical, other than the specific dollar amount involved, as the government proportionally reduced every eligible unit of local government's PILT payment in FYs 2015, 2016, and 2017 based on insufficient appropriations. Accordingly, the Court concludes that Kane County's claims demonstrate sufficient typicality.

### D. Adequacy

The fourth factor for class certification requires a finding that "the representative parties will fairly and adequately protect the interests of the class." RCFC 23(a)(4). This includes consideration of whether class counsel will fairly and adequately represent the class and whether the class members have interests that conflict. See King, 84 Fed. Cl. at 127; Curry, 81 Fed. Cl. at 336; Barnes, 68 Fed. Cl. at 499. Here, the parties do not appear to have any antagonistic interests and the government does not point to any. Each eligible unit of local government has the same legal claim, unaffected by the claims of other potential class members. And as to class counsel, Kane County asserts that Smith, Currie & Hancock LLP have experience in handling class actions and litigating before this court. Pl.'s Mot. for Class Certification & Supp. Mem. at 10–11, ECF No. 35. The government does not dispute these assertions. Moreover, Kane County's lead attorney, Mr. Saltman, has been handling PILT litigation since at least 2005. See Greenlee Cty. v. United States, 68 Fed. Cl. 482, 482 (2005), aff'd, 487 F.3d 871 (Fed. Cir. 2007). Further, Kane County's counsel have already achieved successful results in both consolidated cases, as they have prevailed on Kane County's motions for summary judgment as to liability. Therefore, the Court finds adequate representation of the interests of the class.

### E. Superiority

Finally, the rules require that a class action be "superior to other available methods for fairly and efficiently adjudicating the controversy" in order to certify a class. RCFC 23(b)(3). This factor is satisfied when "a class action would achieve economi[e]s of time, effort, and expenses, and promote uniformity" while not "sacrificing procedural fairness or bringing about other undesirable results." King, 84 Fed. Cl. at 128 (quotation omitted); see also Curry, 81 Fed. Cl. at 337; Barnes, 68 Fed. Cl. at 499. The court may consider individual members' interests in individually controlling separate actions, the extent of litigation already begun by other class members, and any difficulties in managing the class action. RCFC 23(b)(3).

4

Here, a common question of law predominates over all other questions in this case, reducing the remainder to essentially mathematical calculations. Therefore, a class action would certainly achieve economies of time, effort and expenses while promoting uniformity. In the absence of class action certification, the Court of Federal Claims could be inundated with nearly 2,000 separate cases presenting the same question of law. Moreover, lack of class action status would require any county interested in pursuing its claim to retain counsel and file separate suits to achieve a result which Kane County has already pursued. But at the same time the amounts at issue are small enough such that individual counties may not be able or willing to do so. See Kane Cty. II, 2018 WL 1391872, at *2 (noting that Kane County was paid $3,162 less than its full formula amount in FY 2017).

Finally, no party points to any particular difficulties in managing this class action, and the Court does not foresee any, particularly as all that remains in the case is for the parties to make mathematical calculations with respect to damages. Accordingly, because of the predominance of the legal question, the number of potential plaintiffs, and the relatively small amounts involved with respect to each potential class member, the Court concludes that a class action is a superior method of adjudication here.

\* \* \* \* \* \* \* \* \* \* \* \* \*

Based on the foregoing, Kane County's motion for class certification in these consolidated cases is **GRANTED**. The Court hereby certifies a class for the consolidated cases. That class is defined as follows:

> All 'unit[s] of general local government,' as defined in 31 U.S.C. § 6901(2), that received payment under 31 U.S.C. § 6902(a) of the Payment in Lieu of Taxes Act in fiscal years 2015, 2016 and/or 2017.[2]

The class claim is for the amounts the federal government owes to each class member for the underpayment of their PILT entitlements. Pursuant to RCFC 23(g), and for the reasons discussed above in section II.D, the Court hereby appoints Alan I. Saltman, of Smith, Currie & Hancock LLP as class counsel.

## CONCLUSION

For the foregoing reasons, Kane County's motion for class certification in these consolidated cases is **GRANTED**. The parties shall file a joint proposed notice for purposes of RCFC 23(c)(2) on or before **May 24, 2018**.[3]

---

[2] The parties' proposed class definition used the phrase "units of local government," but the Court has modified the definition to reflect the phrase used in the PILT Act, "unit of general local government."

[3] On December 20, 2017, prior to the Court's decision in Kane County II, Kane County filed a motion for class certification as to case number 17-739C. ECF No. 22. As part of its current motion for class certification in both of the consolidated cases, it has moved to withdraw that

**IT IS SO ORDERED.**

s/ Elaine D. Kaplan
ELAINE D. KAPLAN
Judge

---

original class certification motion. See ECF No. 35-1. That motion is hereby **GRANTED** and Kane County's original motion for class certification is **WITHDRAWN**.