# In the United States Court of Federal Claims

Nos. 17-739C; 17-1991C
(Consolidated)
Filed: September 25, 2019

| | |
|---|---|
| KANE COUNTY, UTAH, individually and on behalf of all others similarly situated, | ) ) ) Keywords: Attorney Fees; Lodestar Cross-Check; Class Action; Common Fund Doctrine |
| Plaintiffs, | ) ) |
| v. | ) ) |
| THE UNITED STATES OF AMERICA, | ) ) |
| Defendant. | ) ) ) |

*Alan I. Saltman*, Smith, Currie & Hancock LLP, Washington, DC, for Plaintiffs. *Robert O. Fleming*, Smith, Currie & Hancock LLP, Atlanta, GA, Of Counsel.

*Mollie Lenore Finnan*, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, DC, for Defendant, with whom were *Claudia Burke*, Assistant Director, *Robert E. Kirschman, Jr.*, Director, and *Joseph H. Hunt*, Assistant Attorney General. *Tony Irish*, Division of General Law, Office of the Solicitor, Department of the Interior, Of Counsel.

## OPINION AND ORDER

**KAPLAN, Judge.**

Currently before the Court is Plaintiffs' motion for an award of attorney fees and non-taxable expenses. Plaintiffs seek an award of attorney fees in the amount of $5,740,607, or one third of the total amount recovered on behalf of all class members who timely opted into the lawsuit. They also request an award of $26,936.96 in out-of-pocket expenses incurred.

Because the government's appeal has been dismissed, the Court **LIFTS** the existing stay of its consideration of Plaintiffs' motion for an award of attorney fees and non-taxable expenses. ECF No. 58. The Court finds that it possesses authority to award fees and expenses in accordance with the common fund doctrine. It also finds that the amount of fees and expenses

requested is reasonable. Plaintiffs' motion for an award of attorney fees and non-taxable expenses is therefore **GRANTED**.[1]

## BACKGROUND

These consolidated cases arise out of suits that Kane County, Utah, brought alleging that the federal government owed it and other similarly-situated units of local government additional payments under the Payment in Lieu of Taxes Act ("PILT") (codified at 31 U.S.C. § 6901 et seq.) for fiscal years 2015, 2016, and 2017. See Compl. in No. 17-739, ECF No. 1 (covering fiscal years 2015 and 2016); Compl. in No. 17-1991C (covering fiscal year 2017). The Court granted summary judgment in the Plaintiffs' favor in both cases, finding that eligible units of local government were entitled by law to receive the full amount of the payments they were due under PILT, irrespective of a shortfall in the appropriations for those payments in fiscal years 2015, 2016, and 2017. See Kane Cty. v. United States, 135 Fed. Cl. 632 (2017); see also Kane Cty. v. United States, 136 Fed. Cl. 644 (2018). On April 26, 2018, the Court certified a class consisting of "[a]ll 'unit[s] of general local government,' as defined in 31 U.S.C. § 6901(2), that received payment under 31 U.S.C. § 6902(a) of the Payment in Lieu of Taxes Act in fiscal years 2015, 2016 and/or 2017." Op. & Order at 5, ECF No. 38.

On October 12, 2018, the parties filed a joint status report stipulating to the amounts due to each class member in accordance with the Court's decision. ECF No. 50. On October 22, 2018, the Court, finding no just reason for delay under RCFC 54(b), directed the Clerk to enter final judgment in favor of the Plaintiffs in the consolidated cases in the total amount of $17,221,821, allocated to each class member as provided in the stipulation. ECF No. 51. On November 13, 2018, the government filed a motion requesting that the Court amend the judgment by entering separate judgments in each case. ECF No. 56. The Court granted that motion on November 15, 2018, ECF No. 59, and on November 16, 2018 the Clerk entered judgments for $16,322,574 in No. 17-739C, ECF No. 60, and for $899,247 in No. 17-1991C, ECF No. 15.

In the meantime, on September 27, 2018, and prior to the first entry of judgment in the case, Plaintiffs filed a motion for an award of attorney fees and non-taxable expenses and an accompanying brief, requesting an award of "one-third of the total amount recovered on behalf of all Class Members that timely opted into th[e] lawsuit" ($5,740,607) and "[r]easonable and necessary non-taxable, out-of-pocket litigation and [c]lass administration expenses incurred" ($26,936.96). Mot. for Award of Att'y Fees & Non-Taxable Expenses at 1, ECF No. 46; see also Br. in Supp. of Mot. for Award of Att'y Fees & Non-Taxable Expenses, ECF No. 47.[2] The

---

[1] Plaintiffs' bill of costs shall be considered by the Clerk, in accordance with Rule 54(d)(1) of the Rules of the Court of Federal Claims ("RCFC").

[2] The motion was amended, with leave of the Court, to account for a timely opt-in form received by the Town of Sanbornton, New Hampshire. See Mot. for Leave to Am. at 1, ECF No. 48; Am. Mot. for Award of Att'y Fees & Non-Taxable Expenses, ECF No. 48-1; Am. Br. in Supp. of Am. Mot. for Award of Att'y Fees & Non-Taxable Expenses ("Pls.' Br."), ECF No. 49; Order at 1,

government has represented that it takes no position regarding Plaintiffs' motion. Def.'s Resp. to the Am. Mot. for Award of Att'y Fees and Non-Taxable Expenses, ECF No. 55.

On November 13, 2018, in light of the government's representation that it anticipated filing a notice of appeal of the Court's decision, the Court stayed consideration of Plaintiffs' motion for attorney fees pending a final decision from the court of appeals. See ECF No. 58. The government noted an appeal to the United States Court of Appeals for the Federal Circuit on January 11, 2019. ECF No. 65.

On May 15, 2019, the parties filed an agreement pursuant to Fed. R. App. P. 42(b) that the appeal be dismissed. Joint Stipulation of Voluntary Dismissals, <u>Kane Cty. v. United States</u>, No. 19-1432 (Fed. Cir. May 15, 2019), ECF No. 24. On May 15, 2019, the court of appeals dismissed the appeals. ECF No. 68; Order, <u>Kane Cty. v. United States</u>, No. 19-1432 (Fed. Cir. May 16, 2019), ECF No. 25. In light of that action, the Court has lifted its stay of the motion for attorney fees and non-taxable expenses and, for the reasons set forth below, **GRANTS** Plaintiffs' motion.

## DISCUSSION

I.    **An Award of Reasonable Attorney Fees and Expenses is Available Under the Common Fund Doctrine**

RCFC 23(h) provides that "[i]n a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Here, Plaintiffs base their fee request on the common fund doctrine. See Pls.' Br. at 2. Under that doctrine, "a litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to reasonable attorney fees from the fund as a whole." <u>Haggart v. Woodley</u>, 809 F.3d 1336, 1352 (Fed. Cir. 2016) (citing <u>Boeing Co. v. Van Gemert</u>, 444 U.S. 472, 478 (1980)) (internal quotations and modifications omitted).

The Supreme Court has held that the criteria for the application of the common fund doctrine "are satisfied when each member of a certified class has an undisputed and mathematically ascertainable claim to part of a lump-sum judgment recovered on his behalf." <u>Boeing Co.</u>, 444 U.S. at 479. In this case, the lump-sum amount awarded to the class is $17,221,821 (the sum of $16,322,574 for Case No. 17-739C and $899,247 for Case No. 17-1991C). See Order at 2, ECF No. 59 (amending prior judgment). Each plaintiff in this case is entitled to a sum certain from the overall judgment awarded. See List A, ECF No. 59-1 (amount to be recovered by local governments in Case No. 17-739C); List B, ECF No. 59-2 (amount to be recovered by local governments in Case No. 17-1991C). Therefore, a common fund exists in this case.

---

ECF No. 54 (granting Plaintiffs' motion to amend). The figures above (in parentheses) reflect the amounts requested in the amended motion.

"[T]he question of whether a common fund has been created," however, "is distinct from whether the doctrine may be applied to allow class counsel or the prevailing litigant to recover attorney fees." Haggart, 809 F.3d at 1352. "Recovery of attorney fees under a common fund is based on the existence of some inequity borne by counsel or the successful litigant." Id. Such inequity exists where, in a class action under RCFC 23, some opt-in plaintiffs are not contractually obligated to contribute to the costs of the litigation because they have not entered separate fee agreements with class counsel. Id. at 1354.

In this case, only the lead Plaintiff, Kane County, has entered a fee agreement with class counsel. Therefore, it is appropriate to direct an award of attorney fees and expenses based on the common fund doctrine so that the other plaintiffs pay their fair share of the costs of class counsel's advocacy on their behalf.

## II.    Reasonableness of Plaintiffs' Fee Request

The United States Court of Appeals for the Federal Circuit has held that, in common fund cases, reasonable attorney fees may be calculated using either the percentage or the lodestar method. See id. at 1355. It has also observed that when the lodestar method is used, a court may apply a risk multiplier as appropriate. Id. at n.19 (citing Staton v. Boeing Co., 327 F.3d 938, 968 (9th Cir. 2003) (observing that "[a] 'multiplier' is a number, such as 1.5 or 2, by which the base lodestar figure is multiplied in order to increase (or decrease) the award of attorneys' fees on the basis of such factors as the risk involved and the length of the proceedings")).

Plaintiffs maintain that use of the percentage method is appropriate in this case. Pls.' Br. at 8–12 (arguing that the percentage method simplifies administration and conserves scarce judicial resources; permits compensation for results, not hours; adequately aligns the interests of class members and class counsel; rewards efficiency; more appropriately approximates market rates; creates predictability; and avoids payment delay). They ask the Court to award class counsel one third of the total amount recovered for attorney fees and an additional $26,936.96 in out-of-pocket costs incurred.

The Federal Circuit has not specified what considerations govern the assessment of the reasonableness of fee requests in common fund cases. A number of judges on this court, however, have used a multi-factor test to make that determination, under which the Court considers: (1) the quality of counsel; (2) the complexity and duration of the litigation; (3) the risk of nonrecovery; (4) the fee that likely would have been negotiated between private parties in similar cases; (5) any class members' objections to the settlement terms or fees requested by class counsel; (6) the percentage applied in other class actions; and (7) the size of the award. Moore v. United States, 63 Fed. Cl. 781, 787 (2005) (citing Manual for Complex Litig. (4th ed.) § 14.121 (2004); see also Lambert v. United States, 124 Fed. Cl. 675, 683 (2015); Raulerson v. United States, 108 Fed. Cl. 675, 679–80 (2013); Quimby v. United States, 107 Fed. Cl. 126, 133 (2012).

The Court's evaluation of these factors indicates that an attorney fee award of one third of the total amount recovered for the class is reasonable. Beginning with the quality of counsel factor, the Court notes that class counsel, Alan Saltman, has extensive experience in appropriation law generally and particularly in issues related to PILT entitlement. See Decl. of

Alan Saltman ("Saltman Decl.") ¶ 8–13, ECF No. 49-1. And while the litigation itself was not unusually complex, it required the oversight and coordination of 1256 local governments, and resulted in a significant recovery of over $17 million.

Further, the risk of non-recovery in this case was substantial. Indeed, class counsel brought three earlier suits on behalf of local governments seeking recovery under PILT, each of which was unsuccessful. See Prairie Cty. v. United States, 782 F.3d 685 (Fed. Cir. 2015); Greenlee Cty. v. United States, 487 F.3d 871 (Fed. Cir. 2007); Kane Cty. v. United States, 127 Fed. Cl. 696 (2016).

A fee of one third the total recovery is consistent with the fee that likely would have been negotiated by private parties. In fact, that was the fee negotiated between class counsel and the lead plaintiff, Kane County. See Pls.' Br. Ex. A, at 1, ECF No. 49-2 (email confirming terms of representation, indicating that "Smith Currie shall be entitled [to] 33% of any and all amounts . . . to which Kane County is found entitled in a final judgment from a court and/or through settlement").

Class counsel directed notice of its motion for fees to class members in a reasonable manner as required by RCFC 23(h)(1). The notice of class action sent to putative class members stated that class counsel intended to seek a percentage of any award received for fees. See Joint Proposed Class Action Notice at 9, ECF No. 39-1; Saltman Decl. ¶ 28. Class counsel also made subsequent efforts to inform all class members that the percentage sought would be equivalent to one third of the total recovery. Saltman Decl. ¶ 30. He informed participants on a conference call sponsored by the National Association of Counties on June 19, 2018 that he would seek one third of the total amount recovered for attorney fees. Pls.' Br. at 16. In addition, on July 9, 2018, class counsel posted an FAQ on his informational website that informed class members of his intent to file a motion asking the Court to award as attorney fees one third of the amounts recovered on behalf of class members who opted in, plus actual out-of-pocket expenses. Id. at 16–17. Class counsel sent several subsequent emails directing class members to this FAQ.

On September 27, 2018, class counsel provided class members notice of its motion for award of fees and expenses via email and posted copies of the motion, supporting memorandum, and declaration of class counsel on its informational website. Id. at 18. In the notice, counsel suggested that class members who wished to file an objection do so within fourteen days. Id. No such objections have been filed.

The Court is satisfied that an award equal to one third of the common fund is commensurate with attorney fees awarded in other class action common fund cases. See, e.g., Raulerson, 108 Fed. Cl. at 680 (awarding fees at the requested 33% of the common fund); Quimby, 107 Fed. Cl. at 133 (finding a fee of 33% of the common fund acceptable); Moore, 63 Fed. Cl. at 789 (awarding fees equal to 34% of the common fund). Moreover, the recovery was substantial in this case and is consistent with the requested attorney fees. See David F. Herr, Ann. Manual for Complex Litig. (4th ed.) § 14.121 (2019) (explaining that "a common fund is itself the measure of success . . . [and] represents the benchmark from which a reasonable fee will be awarded")); Raulerson, 108 Fed. Cl. at 680 (noting that the size of the fees sought was commensurate with the total amount recovered on behalf of the class); Quimby, 107 Fed. Cl. at

133–34 (awarding about $22 million to two attorneys, which represented thirty percent of the total recovery, an amount agreed to by class members).

Finally, the Court has subjected Plaintiffs' fee request to a "lodestar cross-check," which compares the percentage fee "against the fee that lead counsel would have been awarded on a lodestar basis" to ensure that the award is neither too low, nor too high. In re HPL Techs., Inc. Sec. Litig., 366 F. Supp. 2d 912, 915 (N.D. Cal. 2005); see also In re Online DVD-Rental Antitrust Litig., 779 F.3d 934, 955 (9th Cir. 2015); In re Rite Aid Corp. Sec. Litig., 396 F.3d 294, 305, 306 (3d Cir. 2005); Goldberger v. Integrated Res., Inc., 209 F.3d 43, 50 (2d Cir. 2000); In re BioScrip, Inc. Sec. Litig., 273 F. Supp. 3d 474, 496 (S.D.N.Y. 2017), aff'd sub nom. Fresno Cty. Emps.' Ret. Ass'n v. Isaacson/Weaver Family Tr., 925 F.3d 63 (2d Cir. 2019); Geneva Rock Prods., Inc. v. United States, 119 Fed. Cl. 581, 594 (2015), rev'd on other grounds, Longnecker Prop. v. United States, 2016 WL 9445914, at *1 (Fed. Cir. 2016); Haggart v. United States, 116 Fed. Cl. 131, 148 (2014), rev'd on other grounds, Haggart, 809 F.3d at 1359.

As the United States Court of Appeals for the Third Circuit observed in In re Rite Aid Corp. Securities Litigation, "[t]he lodestar cross-check calculation need entail neither mathematical precision nor bean-counting." 396 F.3d at 306. The Court's cross-check consisted of a general review of the hours reflected in class counsel's timesheets, which appear reasonable and commensurate with the work required for this large class action. Excluding hours spent on its motion for attorney fees and subsequent briefing, and using market rates for the District of Columbia that are derived from "the Legal Services Index-adjusted Laffey Matrix (also known as the Kavanaugh Matrix) rates for attorneys, paralegals, and law clerks," the lodestar amount was $936,212 for 1201 hours of work. Supp. Mem. at 1, ECF No. 70.[3] In order to equal one third of the total recovery, this lodestar amount must be subjected to a multiplier of approximately 6.13, which is within the range courts have approved in common fund cases. See, e.g., Steiner v. Am. Broadcasting Co., Inc., 248 F. App'x 780, 783 (9th Cir. 2007) (finding that though a 6.85 multiplier was "higher than those in many common fund cases . . . it still f[ell] well within the range of multipliers that courts have allowed"); Vizcaino v. Microsoft Corp., 290 F.3d 1043 (9th Cir. 2002) (setting forth table of percentage-based attorney fees in common fund cases between 1996 and 2001, with multipliers ranging from 0.6 to 19.6); Geneva Rock Prods., 119 Fed. Cl. at 595 (finding a multiplier of 5.39 reasonable), rev'd on other grounds, Longnecker Prop., 2016 WL 9445914, at *1; Bozak v. FedEx Ground Package Sys., Inc., No: 3:11-cv-00738-RNC, 2014 WL 3778211, at *7 (D. Conn. July 31, 2014) (citing cases with multipliers ranging from 2 to 8.74 for cases from 1991 to 2013); Ramirez v. Lovin' Oven Catering Suffolk, Inc., No. 11-cv-0520, 2012 WL 651640 (S.D.N.Y. Feb. 24, 2012) (granting attorney fees equal to 6.8 times the lodestar in a case resolved at an early stage of litigation).

The lodestar cross-check thus yields an award consistent with the one derived from the application of the percentage fee Plaintiffs have requested. For that reason, as well as those described above, the Court concludes that the percentage-based fees sought by Plaintiffs' counsel are reasonable.

---

[3] This includes work done by class counsel, associate attorneys, and paralegals. See generally Supp. Mem. Ex. 1, at 1, ECF No. 70-3. (summary of hours and rates).

### III.    Out-of-Pocket Expenses

Class counsel seeks reimbursement of $2,639.45 in litigation expenses and $24,297.51 in class notice and administrative expenses (a total of $26,936.96) from the common fund. See Pls.' Br. at 19. These expenses include: (i) two trips made by Robert Fleming to appear before the Court, Saltman Decl. ¶ 18; (ii) class counsel's occasional travel to coordinate with his team to establish logistics, provide training, and oversee the general administration of the class notification and opt-in process, see id. ¶¶ 19, 22, 23, 26, 27; (iii) costs associated with the registration, design, and maintenance of the opt-in website and informational webpage, id. ¶ 20; and (iv) various mailing expenses, id. ¶ 25. Class counsel does not seek reimbursement for "the time its attorneys and paralegals spent on administration," Pls.' Br. at 20, or for overhead expenses such as "routine copying, local travel, routine postage, [and] occasional overnight delivery," Saltman Decl. ¶ 18.

The Court has reviewed these expenses and finds them to be reasonable. It therefore grants Plaintiffs' request for an award of non-taxable costs and expenses.

### CONCLUSION

For the foregoing reasons, the Court's stays of the motion for attorney fees and applications for bill of costs are **LIFTED**. The motion for attorney fees and non-taxable expenses is **GRANTED**. The Clerk is directed to enter judgment in the amount of $5,767,543.96, which shall be paid to Smith, Currie & Hancock LLP from the class fund. The applications for bill of costs in Case Nos. 17-739C and 17-1991C shall remain pending for the Clerk.

**IT IS SO ORDERED.**

s/ Elaine D. Kaplan
ELAINE D. KAPLAN
Judge